USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATF FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
In re PLATINUM-BEECHWOOD LITIGATION :          18-cv-6658 (JSR)
------------------------------------ x
B ASSET MANAGER, L.P. et al.,       :
                                    :
          Plaintiffs,               :
                                    :          19-cv-4487 (JSR)
          -v-                       :
                                    :
SENIOR HEALTH INSURANCE COMPANY OF  :          MEMORANDUM ORDER
PENNSYLVANIA,                       :
                                    :
          Defendant.                :
------------------------------------ x

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of plaintiffs Beechwood

Parties (as defined below) for (1) reconsideration of the

"September 22 Order" (as defined below), (2) adopting procedures

for prospective advancement of payments from defendant Senior

Health Insurance Company of Pennsylvania to certain Beechwood

Parties, and (3) reconsideration of the "September 5 Order" (as

defined below) in light of David Levy's recent acquittal in

United States v. Nordlicht et al., 16-cr-640 (BMC) (E.D.N.Y.)

(the "criminal action"). ECF No. 55. For the reasons set forth

below, the Court grants the motion with respect to

reconsideration of the September 22 Order but defers ruling on

whether to reconsider the September 5 Order until the U.S. Court

of Appeals for the Second Circuit decides the Government's

appeal of Judge Brian M. Cogan's judgment acquitting Levy in the

criminal action. Furthermore, for prospective advancement, the Court adopts the procedures set forth below.

## Background

On May 16, 2019, plaintiffs B Asset Manager, L.P., B Asset Manager II, L.P., Beechwood Bermuda International Ltd., Beechwood Re Investments, LLC, Beechwood Re Holdings, Inc., BAM Administrative Services LLC, Mark Feuer, Scott Taylor, and Dhruv Narain (collectively, the "Beechwood Parties") filed a three-count action against defendant Senior Health Insurance Company of Pennsylvania ("SHIP") seeking advancement and indemnification for expenses incurred in connection with Trott et al. v. Platinum Management (NY) LLC et al., 18-cv-10936 (JSR) (S.D.N.Y.) (the "Trott action"), Cyganowski v. Beechwood Re Ltd. et al., 18-cv-12018 (JSR) (S.D.N.Y.) (the "Cyganowski action"), and Schmidt v. B Asset Manager L.P. et al., 15-34287, 17-ap-3324 (Bankr. S.D. Tex.) (the "Black Elk action"). ECF No. 1.[1] Shortly thereafter, the Beechwood Parties moved for summary judgment on Count One (declaratory relief for advancement) and Count Two (breach of contract regarding advancement provisions);[2] they did

---

[1] Familiarity with the relevant background to these third-party actions is here assumed.

[2] The parties dispute whether the Beechwood Parties moved for partial summary judgment on only Count One or both Counts One

2

not move for summary judgment on Count Three (declaratory relief for indemnification). ECF No. 13.

In a Memorandum Order dated July 8, 2019, the Court granted summary judgment in favor of the Beechwood Parties on Counts One and Two. In re Platinum-Beechwood Litigation, 18-cv-6658 (JSR), 2019 WL 2911934, at *7 (S.D.N.Y. July 8, 2019) ("July 8 Order"). After the parties failed to reach an agreement regarding the allocation percentages, the Court, on September 5, 2019, determined such percentages and ordered SHIP to advance payments accordingly by September 19, 2019. ECF No. 42 ("September 5 Order"), at 24-25.

During a joint telephone conference held on September 17, 2019, SHIP made an application to the Court seeking to brief the issues of (1) whether the Beechwood Parties should submit invoices to SHIP before SHIP advances payments and (2) whether the allocation percentages should apply to the whole expenses or

and Two. Reply Memorandum of Law in Support of the Beechwood Parties' Motion for Reconsideration, ECF No. 56 ("Beechwood Reply"), at 2-4; SHIP's Corrected Surreply in Opposition to the Beechwood Parties' Motion for Reconsideration, ECF No. 60 ("SHIP Reply"), at 2. Although the Beechwood Parties could have been clearer in their briefs for their summary judgment motion, they do make the following reference: "the Beechwood Parties respectfully request that the Court should first grant the Beechwood Parties' motion for partial summary judgment on advancement (Counts One and Two of the complaint)." ECF No. 16, at 3.

expenses after deducting third-party coverage. Because the Court had already determined the exact same issues in Levy v. Senior Health Insurance Company of Pennsylvania, 19-cv-3211 (JSR) (S.D.N.Y.) ("Levy v. SHIP") - where SHIP raised the exact same arguments, see In re Platinum-Beechwood Litig., 18-cv-6658 (JSR), 2019 WL 4400324, at *1 (S.D.N.Y. Aug. 6, 2019) - the Court denied SHIP's application and directed SHIP to advance $467,795.32 by September 23, 2019. ECF No. 45 ("September 19 Order"), at 2-3.

On September 20, 2019, SHIP filed with the Second Circuit an interlocutory appeal of the July 8 Order, the September 5 Order, and the September 19 Order. ECF No. 49. In this connection, SHIP submitted a proposed order approving a deposit of $519,252.81 with the Court's registry as the equivalent of a supersedeas bond pending appeal, which would stay the Court's September 19 Order pending appeal. ECF No. 49. The Court signed the proposed order on September 22, 2019 ("September 22 Order"). ECF No. 50.

Now before the Court is the Beechwood Parties' motion for (1) reconsideration of the September 22 Order, (2) adopting procedures for prospective advancement, and (3) reconsideration of the September 5 Order in light of Levy's acquittal in the criminal action. ECF No. 55. SHIP opposes. Defendant SHIP's

4

Memorandum of Law in Opposition to the Beechwood Parties' Motion for Reconsideration and its Submission with Regard to Procedures for Prospective Advancement, ECF No. 54 ("SHIP Opp.").

## Analysis - Reconsideration of the September 22 Order

The September 22 Order, in relevant parts, stated:

> It is further **ORDERED** that by depositing the sum certain for the amount of SHIP's supersedeas bond pending appeal to the U.S. Court of Appeals for the Second Circuit, that the portion of this Court's September 19, 2019 Order requiring payment to Plaintiffs of $467,795.32 is stayed pending appeal pursuant to Federal Rule of Civil Procedure 62(b).

September 22 Order 1-2. Implicit in the September 22 Order was an assumption that the September 19 Order was an appealable order, where SHIP would be entitled to a stay pending appeal as a matter of right pursuant to Fed. R. Civ. P. 62(b). See also SHIP Opp. 3-9.

In support of the instant motion, the Beechwood Parties argue that such assumption was incorrect, because the September 19 Order is neither a final appealable order within the meaning of 28 U.S.C. §§ 1291, 2201 nor an appealable "collateral order." Memorandum of Law in Support of the Beechwood Parties' Motion for Reconsideration and Submission with Regard to Prospective Advancement, ECF No. 52 ("SHIP Mem."), at 2-8; Beechwood Reply

5

2-4.[3] The Court agrees with the Beechwood Parties for the reasons
set forth below.

## I. Whether the September 19 Order is a final appealable order within the meaning of 28 U.S.C. § 1291 or § 2201

Pursuant to the July 8 Order, the Court granted summary

judgment in favor of the Beechwood Parties on Counts One and Two

only. July 8 Order *7. Subsequently, in the September 5 Order

and the September 19 Order,[4] the Court determined the amount to

be advanced pursuant to such summary judgment on Counts One and

Two. September 5 Order 24-25; September 19 Order 2-3. Count

Three is yet to be adjudicated, as neither party has moved for

summary judgment on Count Three. Summary disposition of fewer

_____

[3] Then, if the September 19 Order were to be appealable at all,
it can be appealable only as an injunction, where SHIP's stay
request would be subject to the Fed. R. Civ. P. 62(c)
discretionary standard, under which SHIP is unlikely to succeed.
See Hilton v. Braunskill, 381 U.S. 770, 776 (1987). However, as
per the Second Circuit's discussion in Ryu v. Hope Bancorp,
Inc., the September 19 Order finally determined the issues in
Counts One and Two and is likely not an injunctive order. 18-cv-
1236, ECF No. 119, at 1-2. In any event, this is a non-issue in
this instant motion, because SHIP concedes that it has not been
seeking a discretionary stay under Fed. R. Civ. P. 62(c). SHIP
Opp. 9 ("There Are No Grounds for the Court to Reconsider
Whether SHIP Is Entitled to a Discretionary Stay Under Rule
62(c) Because SHIP Did Not Seek, and the Deposit Order Did Not
Order, a Discretionary Stay Under Rule 62(c)").

[4] Because the September 19 Order merely fixed the dollar amount
based on the allocation percentages set forth in the September 5
Order, the September 5 Order and the September 19 Order are
analyzed together.

6

than all claims is generally not considered a final appealable judgment, except when a judgment is entered under Fed. R. Civ. P. 54(b). See Fed. R. Civ. P. 54(b). To enter judgment pursuant to Fed. R. Civ. P. 54(b) when multiple claims are present, (1) at least one claim must be finally decided, and (2) the district court must make "an express determination that there is no just reason for delay" and expressly direct the clerk to enter judgment. Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992) (quoting Fed. R. Civ. P. 54(b)).[5]

As per Ryu, the first prong is satisfied. In Ryu, plaintiff Suk Joon Ryu brought a one-count action against defendant Hope Bancorp, Inc. seeking advancement of attorneys' fees Ryu incurred in connection with a third-party civil action and federal criminal investigations. 18-cv-1236, ECF No. 1. On April 24, 2018, the Court granted partial summary judgment in favor of Ryu, holding that he was entitled to advancement of certain fees. By an Order dated September 27, 2018 ("September 2018 Ryu Order"), the Court adopted the magistrate judge's report and recommendation (1) fixing the amount for advanceable fees and

---

[5] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

7

expenses already incurred and (2) setting procedures for prospective advancement.

On appeal, the motions panel of the U.S. Court of Appeals for the Second Circuit held that this Court's September 2018 Ryu Order was "a final order within the meaning of 28 U.S.C. § 1291 and § 2201" and that Hope Bancorp was "entitled to request a stay [of the September 2018 Ryu Order] pursuant to [Fed. R. Civ. P. 62(b)]." 18-cv-1236, ECF No. 113, at 1. Subsequently, the motions panel for the Second Circuit clarified its earlier ruling by stating:

> the prospective relief granted by the District Court – i.e. the fee advancement procedures recommended by the Magistrate Judge and approved by the District Judge – is injunctive in nature. . . . [However,] without prejudice to any subsequent determination to be made on a full record by the merits panel in this case, we are not inclined to consider as injunctive the retrospective relief granted by the District Court's [September Ryu 2018 Order].

18-cv-1236, ECF No. 119, at 1-2. Because the relief granted to the Beechwood Parties in the September 5 Order and the September 19 Order is retrospective in nature, Counts One and Two have been finally decided within the meaning of 28 U.S.C. § 1291. See also SHIP Opp. 5-6. And as per Ryu, Count One, a declaratory judgment claim, has been finally decided within the meaning of 28 U.S.C. § 2201 as well. 18-cv-1236, ECF No. 113, at 1.

Moving to the second prong, the question of whether to direct entry of judgment is committed to the sound discretion of the district court, see Ginett, 962 F.2d at 1092, although it "must be considered in light of the goal of judicial economy as served by the historic federal policy against . piecemeal appeals." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003). The Second Circuit has "repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." Novick v. AXA Network, LLC, 642 F.3d 304, 311 (2d Cir. 2011). "It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case" in successive appeals from successive decisions on interrelated issues. Id.; see also Hudson River Sloop Clearwater, 891 F.2d 414, 418 (2d Cir. 1989).

The Court did not render the September 5 Order and the September 19 Order pursuant to Fed. R. Civ. P. 54(b), and there is no reason for the Court to retrospectively certify that the September 5 Order and the September 19 Order were entered pursuant to Fed. R. Civ. P. 54(b). The advancement claims here are "inextricably intertwined" with the indemnification claims

9

in Count Three - which have not been adjudicated by this Court - because this Court's disposition of the indemnification claims could possibly render the Second Circuit's decision on the advancement claims moot, given the language of the relevant investment management agreements.[6] See Ginett, 962 F.2d at 1095 ("Inextricably intertwined refer[s] to the sort of claims so interrelated that (1) [the appellate court] would necessarily have to reach the merits of one or more of the claims not appealed and/or (2) the district court's disposition of one or more of the remaining claims could render our opinion advisory or moot."); see also Gramercy Advisors, LLC v. Coe, 13-cv-9069 (VEC), 2015 WL 13780602, at *2 (S.D.N.Y. June 10, 2015) (denying a certification request for an advancement order, "because [defendant's] debt is subject to Plaintiffs' undertaking to repay him in full should the Plaintiffs not prevail on the ultimate issue of indemnification").

In sum, the September 5 Order and the September 19 Order finally decided Counts One and Two, but the Orders themselves are not appealable judgments because Count Three, which is

---

[6] This is because, under Paragraph 18(c), when there is no right to indemnification, there is no right to advancement. See 19-cv-3211, ECF No. 54-1, Ex. 1 ¶ 18(c); 19-cv-3211, ECF No. 54-2, Ex. 2 ¶ 18(c); 19-cv-3211, ECF No. 54-3, Ex. 3 ¶ 18(c) (collectively, "IMAs").

10

inextricably intertwined with Counts One and Two, has not yet been adjudicated. Therefore, the Court's September 19 Order is not a final appealable order within the meaning of 28 U.S.C. § 1291 or § 2201.

## II. Whether the September 19 Order is an appealable collateral order

Under the collateral order doctrine, an order can be deemed final for the purposes of 28 U.S.C. § 1291(a), when it "finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). For the collateral order doctrine to apply, SHIP needs to show that the September 19 Order "(1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the action, and (3) was effectively unreviewable on appeal from a final judgment." Fischer v. New York State Dep't of Law, 812 F.3d 268, 273 (2d Cir. 2016).

SHIP argues, in the alternative to the arguments above, that the September 19 Order is a collateral order. SHIP Opp. 7-8. However, SHIP does not provide any cogent explanation as to

11

why this may be so, let alone engage with the Fischer factors. Indeed, the second Fischer factor is clearly not met: Counts One and Two are not "completely separate from the merits of the action," because they themselves are part of the merits of the instant action. Therefore, the September 19 Order is not an appealable collateral order.

In sum, for all of the reasons stated thus far, the September 19 Order is not an appealable order. SHIP's interlocutory appeal of the July 8 Order,[7] the September 5 Order, and the September 19 Order is not timely, and the Court hereby grants the Beechwood Parties' motion for reconsideration of the September 22 Order by vacating the September 22 Order in its entirety.

## **Procedure for Prospective Advancement**

The September 5 Order determined that the Beechwood Parties (except for BAM Administrative Services LLC) were entitled to advancement of 50% of their expenses incurred in responding to

[7] There is no doubt that the July 8 Order by itself is not a final appealable order, and the parties do not claim otherwise. In Ryu, Hope Bancorp appealed this Court's Order dated April 24, 2018 that granted partial summary judgment in favor of Ryu, prior to the Court's September 2018 Ryu Order which determined the advanceable fee amount, and the Second Circuit determined that "it lack[ed] jurisdiction over th[e] appeal because a final order ha[d] not been issued by the district court as contemplated by 28 U.S.C. § 1291 and there [wa]s no other basis for immediate appeal." 18-cv-1236, ECF No. 89.

the First Amended Complaint in the Cyganowski action, 35% of

their expenses incurred in connection with the Trott action, and

0% of their expenses incurred in connection with all other

relevant third-party actions. September 5 Order. For the reasons

discussed below, the Court delays ruling on whether some of

these allocation percentages should be adjusted in light of

Levy's acquittal in the criminal action. Therefore, for all

advanceable expenses and fees already incurred since on or about

September 2, 2019[8] and to be incurred going forward, SHIP is

directed to advance payments according to the percentages

determined in the September 5 Order and according to the

following procedures:

1. Within 5 calendar days of the date of this Memorandum Order establishing the advancement procedures, the Beechwood Parties' counsel will provide SHIP's counsel their request for legal fees and expenses incurred from on or about September 2, 2019 to October 31, 2019 that the Beechwood Parties claim are subject to advancement pursuant to the September 5 Order. By the 5th calendar day of each month thereafter, the Beechwood Parties' counsel will provide SHIP's counsel their request for such legal fees and expenses incurred during the previous month that the Beechwood Parties claim are subject to advancement pursuant to the September 5 Order. Such request need not

---

[8] All advanceable expenses and fees incurred in connection with the relevant third-party actions up to on or about September 1, 2019 have already been determined in the September 19 Order. September 19 Order 3.

13

be accompanied by actual invoices[9] but shall contain reasonable billing entry details – at a minimum, narratives for work performed, hours billed, hourly rates, and identification of which Beechwood Party (or Parties) incurred such expenses.

2. By the 15th calendar day of the month, SHIP's counsel shall respond, in writing, identifying each specific time entry or expense to which SHIP objects and explaining the nature of the objection. The response shall cite any legal authority on which SHIP relies.

3. SHIP shall pay any undisputed amount contemporaneously with the response. Any disputed amounts shall be held in escrow pending resolution of the dispute as to that portion.

4. If SHIP disputes more than 50% of the amount sought in any advancement demand, it shall pay 50% of the amount sought, and the Beechwood Parties' counsel shall hold the amount exceeding the undisputed amount in escrow pending resolution of the dispute as to that portion.

5. Before the last calendar day of the month, counsel for both parties shall meet and confer regarding any disputed amounts for the relevant time period. Any additional advancement that results from the meet-and-confer session shall be paid with the next month's payment of undisputed amounts.

6. No more frequently than quarterly, the Beechwood Parties may file an application with the Court seeking a ruling on any disputed amounts. The Court will determine if briefing or a hearing is warranted.

7. If the Court grants an application, in whole or part, then pre-judgment interest is due on the adjudicated

---

[9] Consistent with this Court's ruling in Levy v. SHIP, providing actual invoices to SHIP is not necessary at the advancement stage, because "the advancement stage is not the proper stage for a detailed analytical review of the fees" and the determination on reasonableness of expenses can wait until the determination on indemnification is made. 19-cv-3211, ECF No. 63, at 7-10.

14

amount from the date of the applicable advancement
demand. Except in connection with a successful
application, the Beechwood Parties shall not seek or
receive advancement for time spent preparing billing
entry details or conferring regarding advancement
requests.

## Analysis – Reconsideration of the September 5 Order

In the September 5 Order, the Court held that, inter alia,
the Beechwood Parties were not entitled to any advancement for
their defense of the Black Elk action and of the allegations
regarding the Black Elk scheme in the Trott action, because the
Black Elk-related allegations against the Beechwood Parties were
largely "premised on Levy's conduct." ECF No. 42, at 3. And,
given Levy's criminal conviction in the criminal action, the
Court held that it was "hard to imagine how his Black-Elk
related conduct would not constitute fraud, gross negligence or
willful misconduct," which would extinguish the Beechwood
Parties' indemnification (and thus advancement) rights under the
IMAs with respect to the Black-Elk scheme. Id. at 8 (referencing
IMAs ¶ 18(c)).

On September 27, 2019, Judge Cogan of the U.S. District
Court for the Eastern District of New York granted Levy's Rule
29 motion for a judgment of acquittal in the criminal action.
Memorandum and Decision and Order, United States v. Nordlicht et
al., 16-cr-640 (BMC) (E.D.N.Y.), ECF No. 800, at 27-28.

15

Based on the acquittal, the Beechwood Parties now argue that they are entitled to receive advancement of 100% of the expenses incurred in connection with the Black Elk action and that their allocation percentage should go up by 33% with respect to the Trott action. Beechwood Reply 6-7.

For the reasons stated in a Memorandum Order dated October 19, 2019 in Levy v. SHIP, 19-cv-3211, ECF No. 85, the Court finds it prudent to defer deciding this part of the motion until the Court of Appeals decides the aforementioned appeal from Judge Cogan's order. See Notice of Appeal, United States v. Nordlicht et al., 16-cr-640 (BMC) (E.D.N.Y.), ECF Nos. 803, 805.

## Conclusion

In sum, the Court grants the Beechwood Parties' motion with respect to reconsideration of the September 22 Order and hereby orders SHIP to wire $467,795.32 to the Beechwood Parties within seven (7) days of the date of this Memorandum Order. In this connection, it is hereby ordered that the supersedeas bond posted by SHIP - in the amount of $519,252.81 and as approved by this Court on September 22, 2019 - be fully and unconditionally released and discharged, and the September 22 Order is hereby vacated in its entirety.

Furthermore, for prospective advancement of fees and expenses incurred since on or about September 2, 2019 and to be

16

incurred in the future, the parties are directed to follow the procedures set forth above.

Lastly, the Court defers ruling on whether to reconsider the September 5 Order until the U.S. Court of Appeals for the Second Circuit decides the Government's appeal of Judge Cogan's judgment acquitting Levy in the criminal action.

SO ORDERED.

Dated: New York, NY
November 15, 2019

JED S. RAKOFF, U.S.D.J.

17